IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID IAN FRETWELL,
      Plaintiff,

vs.                                   Case No.:  5:08cv56/RS/EMT

DONNA ARRANT,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 4). This matter is now before the court on Plaintiff's amended complaint (Doc. 11).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals under section 1915(e)(2)(B)(ii) are governed by the same standard as those under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed if the facts as pleaded do not state a claim to

relief that is plausible on its face.  *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561, 127 S. Ct. 1955, 1968, 167 L. Ed. 2d 929 (2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  Upon review of the complaint, the court concludes that it appears beyond doubt that Plaintiff has failed to state a plausible claim to relief; therefore, dismissal of this action is warranted.

Plaintiff names one Defendant in this action: Donna Arrant, a Food Service Supervisor at Gulf Correctional Institution (Doc. 11 at 1–2).  Plaintiff claims that Defendant violated Fla. Stat. § 839.13, as well as his First, Fourth, Fifth, and Fourteenth Amendment rights (*id.* at 6B).

Plaintiff alleges the following facts in support of his claims.  On March 13, 2007, Defendant harassed Plaintiff in the food line and threatened to "have him locked up" if he complained about the food.[1]  Plaintiff notified the Assistant Warden by using the prison grievance system. Approximately ten weeks later, on May 22, 2007, at about 4:40 a.m. at the dining room breakfast line, Defendant falsely accused Plaintiff of violating Code #004, "Disrespect to Officials." Specifically, Plaintiff alleges that in a false sworn affidavit Defendant stated: "I Donna Arrant was supervising the diet line when inmate Fretwell, David, D.C. #k60163 got hostile stating, 'This is bulls[__].  I did not get a napkin.'  I attempted to counsel with inmate Fretwell, but to no avail.  He stated, 'You are just Aramark, I don't have to listen to you.'"  Plaintiff claims that Defendant's false allegations were made in reprisal for his earlier complaints about the food service providers ill-prepared and spoiled food.

Plaintiff alleges that as a result of the allegations made by Defendant Arrant in her affidavit he was placed in confinement for fifty-two days.  During this period, he was exposed to chemical agents used on inmates in nearby cells, which caused severe distress.  Additionally, on two occasions Plaintiff became ill with food poisoning, and on one occasion he was so ill he had to be taken to the medical clinic for a medical emergency.  Plaintiff further alleges that he was informed by other

---

[1] All facts in this Report and Recommendation are derived from the Statement of Facts section of Plaintiff's amended complaint (Doc. 11 at 5-6).

kitchen workers that Defendant regularly used the threat of confinement as a means to enforce illegal and unsanitary practices, such as taking food from the trash or swill bins, rinsing the food off, and re-serving it to inmates.

As relief, Plaintiff seeks an order pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that Defendant's acts and omissions violated Plaintiff's rights under the United States Constitution. Plaintiff also demands compensatory damages of $10,200.00 (based on $200.00 per day spent in confinement[2]) and $10,000.00 in punitive damages "to deter the Defendants [sic] reckless indifference to rights, ill will, express malice, and clearly shown intent to cause harm" (*id.* at 6C).

Initially, Plaintiff's allegation that Defendant falsified a disciplinary charge is insufficient to state a constitutional claim. The filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951–53 (2d Cir. 1986). This is primarily because the Constitution requires only that Plaintiff be afforded due process at the institutional hearing, which represents his opportunity to expose any such falsities or inaccuracies. Freeman, 808 F.2d at 952; *see also* Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). Thus, Plaintiff's allegation that Defendant issued a false disciplinary report does not amount to a constitutional violation. Additionally, to the extent Plaintiff seeks to hold Defendant liable for events that occurred during his confinement, such as his exposure to chemical agents or becoming ill as a result of food poisoning, he has similarly failed to state a claim because he alleges that these events occurred as a result of Defendant's filing of a false disciplinary charge. Because the underlying act of filing a false disciplinary charge does not constitute a constitutional violation, the consequences of such an act likewise do not constitute constitutional claims.[3]

---

[2]While not relevant to the disposition of this case, the court notes that $200.00 per day, multiplied by fifty-two days, would amount to $10,400.00 in damages. Plaintiff, however, specifically seeks $10,200.00.

[3]This is not to say that Plaintiff could not bring a separate civil rights action if, for example, he was subjected to unconstitutional conditions during his confinement; however, such an action would be properly brought against the person(s) responsible for the conditions, not the person who filed a false disciplinary charge that led to the confinement. In the instant case Defendant is not alleged to have exposed Plaintiff to unconstitutional conditions during his confinement, and she is the only Defendant named in the complaint.

.

Moreover, to the extent Plaintiff has asserted a claim against Defendant based only on her verbal threats, Plaintiff has failed to allege a viable claim.  "[V]erbal threats, without more," are generally insufficient "to state a cause of action under the Eighth Amendment." Chandler v. District of Columbia Dept. of Corrections, 145 F.3d 1355, 1360 (D.C. Cir. 1998) (citing Hudson v. McMillian, 503 U.S. at 16, 112 S. Ct. at 1004).  As the Fifth Circuit stated:

> as a rule, mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. . . . Were a prisoner . . . entitled to a jury trial each time he was threatened with violence by a prison guard, even though no injury resulted, the federal courts would be more burdened than ever with trials of prisoner suits.

McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (quotations and citations omitted).  *See* Barney v. Pulsipher, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998) ("[A]cts of verbal harassment alone are not sufficient to state a claim under the Eighth Amendment."); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (mere allegations of verbal abuse do not present actionable Section 1983 claim); Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir. 1993) (allegations that officers threatened to kill inmate not cognizable under Section 1983 ); Hopson v. Fredricksen, 961 F.2d 1374, 1378 (8th Cir. 1992) (mere verbal threats generally do not constitute a Section 1983 claim); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Ivey v. Williams, 832 F.2d 950, 955 (6th Cir. 1987); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979); Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973); *see also* Crenshaw v. City of Defuniak Springs, 891 F. Supp. 1548, 1555 (N.D. Fla. 1995) ("verbal harassment and abusive language, while 'unprofessional and inexcusable,' are simply not sufficient to state a constitutional claim under Section 1983"); Shabazz v. Pico, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) ("verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right" under section 1983 ); Partee v. Cook County Sheriff's Office, 863 F. Supp. 778, 781 (N.D. Ill. 1994) (inmate's "allegations of verbal threats, racial epithets, and continued harassment" failed to meet objective component of Eighth Amendment); Davis v.

Sancegraw, 850 F. Supp. 809, 813 (E.D. Mo.1 993) ("[v]erbal insults or threats generally do not rise to the level of a constitutional violation" except where they involve "a 'wanton act of cruelty' such that the inmate is in fear of 'instant and unexpected death at the whim of his bigoted custodians' "). Therefore, to the extent Plaintiff has asserted a claim against Defendant based on the alleged threat she made on March 13, 2007, the claim is subject to dismissal.

Lastly, in support of his claims, Plaintiff cites Fla. Stat. § 839.13, which provides in relevant part: "Any person who knowingly falsifies . . . an official record relating to an individual in the care and custody of a state agency, which act has the potential to detrimentally affect the health, safety, or welfare of that individual, commits a felony of the third degree, punishable as provided in s. 775.082, s. 755.083, or s.775.084." Fla. Stat. § 839.13(2)(a) (2007). Thus, it appears that Plaintiff seeks the criminal prosecution of Defendant. Plaintiff, however, has no constitutional right to pursue a criminal action because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See* Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973); *see also* Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (a private citizen has no authority to initiate a criminal prosecution); Sattler v. Johnson, 857 F.2d 224, 226–27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted). Furthermore, a public official or agency has no affirmative constitutional duty to a member of the public to investigate or intervene on an alleged crime. Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (claim that police violated due process by failing to conduct adequate investigation into violent incident between two citizens failed to state civil rights claim unless there was another recognized constitutional right involved); Beard v. O'Neal, 728 F.2d 894, 899 (7th Cir. 1984). Thus, Plaintiff has failed to state a claim upon which the relief he seeks can be granted, as he cannot initiate a criminal prosecution against Defendant.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DONE AND ORDERED** this 26<u>th</u> day of June 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

        **Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only**</u>**.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636;** <u>**United States v. Roberts**</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**